IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Sarah Patterson, <br><br> Plaintiff, <br> v. <br><br> Eagle Recovery Associates, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Sarah Patterson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Sarah Patterson ("Plaintiff"), is an adult individual residing in Sumner, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Eagle Recovery Associates, Inc. ("Eagle"), is an Illinois business entity with an address of 424 South West Washington Street, 3rd Floor, Peoria, Illinois 61602, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Eagle and

whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Eagle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Eagle for collection, or Eagle was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Eagle Engages in Harassment and Abusive Tactics**

12. On or around January 23, 2018, Eagle contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Eagle falsely threatened to garnish Plaintiff's wages if the Debt was not paid immediately.

14. Eagle neither sued nor obtained judgement against Plaintiff and therefore had no legal authority to commence garnishment.

15. Moreover, Eagle's threat of garnishment during the initial contact overshadowed Plaintiff's right to dispute the Debt within 30 days.

C. **Plaintiff Suffered Actual Damages**

16.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

20.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

23.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants

overshadowed Plaintiff's right to dispute the Debt.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 14, 2019

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff